U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC ~~ 2015

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANTHONY WAYNE WILSON (#12358-078)   DOCKET NO. 15-CV-2593; SEC. P

VERSUS                               JUDGE DRELL

WARDEN                               MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

*Pro se* Petitioner, Anthony Wayne Wilson, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 27, 2015. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural Background*

According to Petitioner, he was arrested by Texas state officials on January 15, 2006, and on January 16, 2006, his state probation was revoked. [Doc. #1, p.16] He was "loaned" to federal officials on March 6, 2006, pursuant to a *writ of habeas corpus ad prosequendum*. [U.S. v. Wilson, 1:06-cr-18 (E.D.Tex.), Doc. #6] He appeared in federal court on March 6 and 9, 2006, for appointment of counsel and arraignment. [1:06-cr-18 (E.D.Tex.)] He entered a plea of guilty to felon in possession of a firearm on July 5, 2006.

[1:06-cr-18 (E.D.Tex), Doc. #31] Petitioner was sentenced on November 3, 2006, to a term of imprisonment of ninety-six months. [1:06-cr-18 (E.D.Tex.), Doc. #39, 40]] It was ordered that the federal term of imprisonment run **consecutive** to the defendant's imprisonment under Jefferson County Criminal District Court Case No. 90175 and Texas Department of Criminal Justice No. 1207332. [1:06-cr-18 (E.D.Tex.), Doc. #40] The judge made a recommendation to the BOP that it designate Texas Department of Criminal Justice, Huntsville, Texas, for service of sentence. [1:06-cr-18 (E.D.Tex.), Doc. #40] Petitioner was returned to Texas custody on November 15, 2006. [Doc. #1, p.7]

On December 18, 2006, Petitioner was sentenced to sixty months of incarceration for Jefferson County Criminal District Court Case No. 90175 / Texas Department of Criminal Justice No. 1207332. He claims that the Texas state sentence in the case referenced by the federal judge was discharged on August 10, 2006, although he remained in state custody serving a sentence in Case Number 98786. Apparently, on January 15, 2011, Petitioner was erroneously released from custody rather than being released to his federal detainer. [Doc. #1, p.16]

On August 22, 2012, Petitioner was arrested in Calcasieu Parish, Louisiana, on theft and simple burglary charges. He was released on bond on September 13, 2012, and the charges were dismissed. On November 20, 2012, Petitioner was arrested in

Jefferson County, Texas on Theft charges. He was released the same day and charges were eventually dismissed. On January 25, 2013, Petitioner was arrested in Jefferson County, Texas on assault charges. The charges were dropped and Petitioner was released. [Doc. #1, p.16]

On April 21, 2014, Petitioner was arrested by the United States Marshals Service to serve the 96 month sentence imposed in the Eastern District of Texas. Petitioner was awarded prior custody credit from August 22, 2012, through September 13, 2012; November 20, 2012; and January 25, 2013, through January 26, 2013.

Plaintiff claims that he is entitled to credit against his federal sentence from August 10, 2006, through January 15, 2011.

### Law and Analysis

Petitioner seeks credit against his federal sentence for time spent serving his state sentence, which was imposed after the federal sentence.

The federal court ordered the federal sentence to run consecutive to the sentence yet-to-be-imposed in Jefferson County Criminal District Court Case No. 90175 / Texas Department of Criminal Justice No. 1207332. The court was silent as to Texas Department of Criminal Justice case number 98786.

Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively unless the court orders that the terms are to run concurrently. The Fifth

Circuit has declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis added). "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.; see also, Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D.Tex. 2006). In this case, the federal judge specifically ordered consecutive sentences as to one state sentence, and was silent as to another state sentence. Because the federal judge did not specify concurrent sentences, they run consecutively.

Moreover, Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was

imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added). The time in which Petitioner was in the custody of the state of Texas from August 10, 2006, through January 15, 2011, was credited toward Petitioner's state sentence in case number 98786. Section 3585 only allows credit for time **that has not been credited against another sentence.**

In summary, the federal judgment did not order the federal sentence to run concurrent to the yet-to-be-imposed state sentence in No. 98786, and Petitioner is not otherwise entitled to double credit under Sections 3584 or 3585.

### *Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice, as Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to**

5

another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of December, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE